IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN KADERLY,<br>Petitioner | §<br>§<br>§ | |
| V. | § | CIVIL ACTION NO. C-07-225 |
| | § | |
| NATHANIEL QUARTERMAN<br>Respondent | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION TO DENY PETITIONER'S SECOND MOTION FOR DEFAULT JUDGMENT

Petitioner, an inmate at TDCJ-CID's Stevenson Unit in Cuero, Texas, filed this petition *pro se* pursuant to 28 U.S.C. § 2254, challenging a 2003 Nueces County conviction for burglary (D.E. 1, 6). This case was consolidated with proceedings in C-07-233, with all pleadings to be filed in this case (D.E. 10). An order for service of process was entered June 4, 2007 (D.E. 7), and on August 9, 2007, respondent was given an extension of time, until August 24, 2007, to file his responsive pleading (D.E. 12). A recommendation to deny petitioner's first motion for entry of default judgment is pending (D.E. 14). Pending is petitioner's second motion for entry of default judgment (D.E. 16).

## APPLICABLE LAW

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend a lawsuit in federal court and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED. R. CIV. P. 55(a). Although no Fifth Circuit precedent was located, several circuits have held that the entry of default in habeas corpus proceedings is inappropriate. Allen v. Perini, 424 F.2d 134

(6th Cir. 1970); Stines v. Martin, 849 F.2d 1323 (10th Cir. 1988); Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987); United States ex rel Mattox v. Scott, 507 F.2d 919 (7th Cir. 1974); Bermudez v. Reid, 733 F.2d 18 (2d Cir. 1984). Generally, these circuit courts have required the district courts to review the merits, and to grant relief only if the court finds evidence to establish a claim of unlawful detention. Stines, 849 F.2d at 1324. An exception to the general rule would be where the delay itself rises to the level of a due process violation. Id. at 1324 (citing Ruiz v. Cady, 660 F.2d 337, 341 n. 5 (7th Cir. 1981)). Minor delays do not give rise to a due process violation. Stines, 849 F.2d at 1324.

In this case respondent is not in default. Respondent requested and was given an extension of time, until August 24, 2007, to file a responsive pleading. Respondent timely filed a motion for summary judgment on that date. Petitioner's motion should be denied.

## **RECOMMENDATION**

It is respectfully recommended that petitioner's second motion for entry of default judgment (D.E. 16) be denied.

Respectfully submitted this 4th day of September, 2007.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).